**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

NATHAN MOORE, *et al.*,   : Case No. 3:24-cv-00061
          :
  Plaintiffs,     : District Judge Thomas M. Rose
          : Magistrate Judge Caroline H. Gentry
vs.          :
          :
SAFECO INSURANCE COMPANY :
OF INDIANA,       :
          :
  Defendant.     :

## NOTICE OF DEFICIENCY AND ORDER

This matter is before the Court upon a *sua sponte* review for compliance with Federal Rule of Civil Procedure 7.1(a)(2). Neither party has filed a diversity disclosure statement as required by that Rule. Each party is therefore **ORDERED** to file such a statement no later than thirty days from the date of this Order. A sample "Diversity of Citizenship Disclosure Statement" is available on the Court's website.

  **IT IS SO ORDERED.**

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

  Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be

accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).